# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

July 17, 2019

Keli Liu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: kliu@hanglaw.com

**VIA ECF**

Hon. Judge Frederic Block
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: Armijos v. Cositas Ricas Ecuatorianas, Corp. et al
           EDNY: 1:19-cv-02893-FB-JO

Dear Judge Block:

    This firm is counsel for the Plaintiff in the above referenced case. We write pursuant to Your Honor's Individual Rules of Practice in opposition to Defendants' letter request for a pre-motion conference. (Dkt. No. 12.) In Defendants' June 12, 2019 pre-motion letter, they seek either dismissal or a stay of the action pursuant to the Federal Arbitration Act, and to compel arbitration. The basis for Defendants motion is two arbitration agreements (the "agreements") allegedly signed by the Plaintiff January 6, 2019.

    Plaintiff does not dispute that Federal Arbitration Act (FAA) applies if a valid arbitration agreement exists. *See, e.g., Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 443 (S.D.N.Y. 2004). In order to determine whether proceedings should be stayed or dismissed in favor of arbitration, a court must assess: "(1) whether the parties agreed to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration." *Sinnett*, 319 F. Supp. 2d at 443 (quoting *Genesco*, 815 F.2d at 844).

    Defendants' anticipated motion to compel would fail because the parties did not agree to arbitrate. For this and other reasons set forth below, the two arbitration agreements, with identical terms, are unenforceable. Plaintiff was fraudulently induced to sign the agreements and the agreements are procedurally unconscionable.

    **Fraudulent Inducement and Lack of Intent**

Arbitration "is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 339 (2011). When enforcing an arbitration agreement, "as with any other contract, the parties' intentions control." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (internal quotation marks and citations omitted). Courts may only compel arbitration of "those disputes . . . that the parties have agreed to submit" to arbitration. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302 (2010) (internal quotation marks and citations omitted) (alteration in original).

An arbitration agreement is unenforceable if a party fraudulently induced the provision in violation of state law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996) (quoting 9 U.S.C. § 2). Where the fraudulent inducement pertains to the agreement to arbitrate, as opposed to the underlying contract as a whole, it is for the court—not the arbitrator—to decide whether the agreement should be enforced. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)).

Under New York law, to state a claim for fraud in the inducement, "a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Choquette v. Motor Information Systems, Inc.*, 15-CV-9338, NYLJ 1202794949574, at *1 (SDNY, Decided August 2, 2017).

Plaintiff was only given the last page of the agreements for his signatures. At the time he was asked to sign the documents at the restaurant, Defendant Juan Carlos Segarra told him that he need to place his signatures on those two pages because the Department of Labor ("DOL") is coming, and that the signatures are so that the DOL knows how many people were working at their establishment. Plaintiff does not speak or read English, and the Defendant did not translate the languages on the last page of the agreements to him in Spanish. Plaintiff signed the two pages believing the only purpose of signing the documents was to provide information to the DOL rather than expressing an agreement to arbitration. As such, there is no meeting of the mind to form a valid agreement. For the same reason, the agreements are unenforceable because they were procured by fraud.

**Procedurally Unconscionable**

As stated above, at the time of signing, Plaintiff was only give the last page of the two four-page agreements. Neither of the two signature pages contains the substantive arbitration provisions. Defendants may argue that the omission of the entire arbitration clause itself was not procedurally unconscionable as held in *Brundage v. Pension Associates Retirement Planning LLC et al*, SDNY 7:18-cv-02473-NSR. *Brundage,* however, is factually distinguishable. In *Brundage,* although the arbitration section was not shown at the plaintiff signed the subject agreement, there was bolded language contains citation to the location of the arbitration clause in the body of the agreement, the signature pages in *Brundage* also notified Plaintiffs both that they had not received the full contract and that there was an arbitration clause. Here, the two signature pages do not have languages mentioning that there are additional three pages. In fact, plaintiff here did not even know that he was entering into an agreement. Furthermore, the Plaintiffs in *Brundage* are able to read and understand English, while the Plaintiff here speaks no English. Plaintiff was given false information about the documents he was asked to sign, and was given no time to take the documents to someone who understands English for translation. *See Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002).

For the foregoing reasons, Defendants' anticipated motion compel will be a waste of judicial economy and is not conducive to an expeditious resolution of this matter.

Respectfully Submitted,

*/s Keli Liu*
Keli Liu, Esq.
Attorney for Plaintiff