```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
FELIX MIGUEL ARMIJO,

                Plaintiff,
                                            MEMORANDUM AND ORDER
     -against-                              Case No. 19-cv-02893 (FB)

COSITAS RICAS ECUATORIANAS
CORP. et al.,

                Defendants.
--------------------------------------------------x
```

Appearances:
 *For Plaintiff*:                        *For Defendants*:
 DIANA Y. SEO                            ARGILIO RODRIGUEZ
 Hang & Associates, PLLC                 Rodriguez Law, P.C.
 136-20 38th Avenue                      350 Fifth Avenue
 Flushing, NY 11354                      New York, NY 10118

**BLOCK, Senior District Judge:**

 Felix Miguel Armijos ("Plaintiff") initiated this suit against his former employers ("Defendants") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law. Defendants move pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to stay further litigation and compel arbitration on Plaintiff's claims in accordance with the parties' January 2019 arbitration agreements ("Arbitration Agreements"). Plaintiff opposes. For the following reasons, Defendants' motion is granted.

\* \* \*

1

Arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." FAA, 9 U.S.C. § 2. Plaintiff does not dispute that he executed Arbitration Agreements with Defendants in January 2019, or that the scope of those Agreements applies to "all disputes . . . related to [Plaintiff's] employment relationship [with Defendants] and the termination thereof." *See* Mutual Agreements to Arbitrate at 4. Rather, Plaintiff maintains the Agreements are invalid as unconscionable and fraudulently induced.

Unconscionability. Under New York law, an agreement is unconscionable if it is "so grossly unreasonable as to be unenforcible [*sic*] because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *King v. Fox*, 851 N.E.2d 1184, 1191 (N.Y. 2006). Plaintiff argues the Arbitration Agreements fit within that definition as Defendants provided only "the last page of each Agreements" for him to sign, "the purpose of the Agreements . . . [was] misrepresented by the Defendants," and Plaintiff "was required to sign . . . without first having the opportunity to have [the Agreements] translated to him into his native language." Pl.'s Reply 6–7.

To start, Plaintiff's contention that he was misinformed about the Agreements' purpose—either because Defendants "misrepresented" their purpose

2

or because Plaintiff only viewed the last page of each Agreement before signing—is unavailing. Whatever factual dispute the parties raise as to what information Defendants communicated or what portions of the Agreements were withheld (if any), it is beyond doubt that the last page of each Agreement was provided to Plaintiff and that the page states, in bold font:

> **PLEASE READ THIS AGREEMENT CAREFULLY. By entering into this Agreement, you agree to final and binding arbitration of any and all disputes between you and the Company including without limitation disputes related to your employment relationship and the termination thereof . . . .**
>
> **You acknowledge that you have read this Agreement, understand its terms and have been given the opportunity to discuss this Agreement with an advisor of your choice, including your own legal counsel, and have taken advantage of that opportunity to the extent you wish to do so.**

ECF 27-1 at 5, 9 (Mutual Agreements to Arbitrate at 4). Whatever other information was communicated or withheld from Plaintiff, the page bearing his signature explicitly outlined the Agreement's purpose. *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) ("[A] party who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them.").

Equally unavailing is Plaintiff's contention that the Agreements are unconscionable because Plaintiff "does not speak, read or understand English." Pl.'s Reply 8. An "imperfect grasp of the English language [does] not relieve [an]

3

employee of making a reasonable effort to have the document explained to him." *Ragone v. Atlantic Video at Manhattan Ctr.*, 595 F.3d 115, 122 (2d Cir. 2010). Moreover, Plaintiff's vague reference to "pressure tactics" employed by Defendants to coerce his signature lacks any support, and the notion Plaintiff assented to the Agreements because he was afraid the failure to do so jeopardized his employment conflicts with Plaintiff's own assertion when he signed the Agreements "his employment had already been effectively terminated." Pl.'s Br. 11.

Plaintiff's inability to show he lacked a "meaningful choice" to sign the Agreements or that the Agreements were "unreasonably favorable" to Defendants dooms his claim for unconscionability.

Fraudulent Inducement. To state a claim for fraudulent inducement, Plaintiff "must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (applying New York law). As outlined above, Plaintiff cannot show that the binding arbitration provision was misrepresented or withheld from him prior to his signing the agreement. Accordingly, Plaintiff's claim for fraudulent inducement fails.

Having resolved that the Arbitration Agreements between Plaintiff and Defendants are valid and enforceable, the Court finds Plaintiff's claims against Defendants are arbitrable and within the broad arbitration clauses stipulated by those Agreements. *JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (holding arbitration is compelled when (1) the parties have agreed to arbitrate, (2) the asserted claims fall within the scope of their agreement, and (3) Congress intended the claims to be arbitrable); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context.").

\* \* \*

For the foregoing reasons, Defendants' motion to compel arbitration on all of Plaintiff's claims and stay the instant litigation is granted.

**SO ORDERED**.

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 29, 2020